**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CENTURY MEDIA, LTD.,**<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1-77, such persons being presently unknown participants and members of a joint enterprise, and SWARM # 217EC, a joint enterprise,<br><br>Defendants. | Civil Action No. 2:12-cv-3911 (DMC)(JAD)<br><br>**<u>OPINION</u>** |

This matter comes before the Court upon motion by plaintiff Century Media, Ltd. ("Plaintiff") for leave to take expedited discovery prior to the Rule 26(f) conference. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, Plaintiff's motion is **granted in part and denied in part.**

I.   **<u>BACKGROUND.</u>**

This action involves the alleged illegal distribution of Plaintiff's copyrighted work, namely the record album "Dystopia,"[1] on the Internet.

On June 6, 2012, Plaintiff filed a Complaint against defendant Swarm #217EC (the "Swarm") and various other "John Doe" defendants that Plaintiff identified only by IP address, asserting claims for direct and contributory copyright infringement and civil conspiracy.

---

[1] Plaintiff alleged that "Dystopia" is a foreign work that is subject to protection under the Berne Convention and United States copyright law. (Compl. ¶ 9, ECF No. 1). In addition, Plaintiff alleged "Dystopia" is the subject of a valid United States copyright registration. (<u>Id.</u>).

1

Plaintiff alleged that Defendants used a file-sharing protocol called BitTorrent to illegally infringe Plaintiff's copyright in "Dystopia."

According to Plaintiff, the unlawful distribution of copyrighted sound recordings, such as "Dystopia," over the Internet frequently occurs via "peer-to-peer" ("P2P") networks using a BitTorrent Protocol. (Br. Supp. Mot. Expedited Disc. 7, ECF No. 6-3). The BitTorrent Protocol creates a network of computers and Internet connections that permits Internet users, regardless of the limited uploading and downloading capabilities of their Internet service account, to participate in transferring large amounts of data across the P2P network. (Id.). This P2P network is called a "torrent" or a "swarm." (Id.). Each user in the torrent acts as both a file server and a network node, offering to distribute and distributing content to any user that connects to the torrent. (Id.). Plaintiff alleged that each of the individuals who operated the Swarm is jointly and severally liable for the acts of the Swarm, as well as for their own individual acts of copyright infringement. (Compl. ¶ 5, ECF No. 1).

Plaintiff retained the forensic investigation company Baseprotect, GmbH ("Baseprotect") to monitor the illegal distribution of "Dystopia" across torrent networks. (Br. Supp. Mot. Expedited Disc. 9, ECF No. 6-3). Baseprotect allegedly identified the Swarm as a discrete network engaged in the illegal distribution of "Dystopia." (Id.). Baseprotect then identified the individual operators of the Swarm by internet protocol address ("IP address"). (Id.). Baseprotect was then able to identify the internet service provider ("ISP") that provided internet service to the IP addresses that it determined had illegally distributed the work. (Id.).

Plaintiff filed this instant motion seeking to leave to serve subpoenas on ISPs pursuant to Fed. R. Civ. P. 45 to discover the individual identities of the account holders of the IP addresses that Baseprotect identified as members of the Swarm responsible for distributing illegal copies of

"Dystopia." (Br. Supp. Mot. Expedited Disc. 10, ECF No. 6-3). Plaintiff argued that it cannot establish the "John Doe" defendants' true identities without obtaining information from their respective ISPs. According to Plaintiff, the ISPs maintain service logs that identify account holders by IP address and date and time of connection. (Id.). By issuing subpoenas to ISPs to disclose the identity of the IP addresses' account holders, Plaintiff argued that it would secure the identities of the parties engaged in the illegal distribution of its work. (Id.). Specifically, Plaintiff seeks to obtain the account holders' name, address and "personally identifiable information." (Proposed Order, ECF No. 6-4). Plaintiff argued that good cause exists to justify expedited discovery because it cannot otherwise identify the alleged infringers and ISPs typically only retain their IP service logs for 180 days. (Br. Supp. Mot. Expedited Disc. 10, ECF No. 6-3). Thus, there is a danger that if Plaintiff does not begin the process of issuing Rule 45 subpoenas promptly, the discovery leading to the identification of the IP address account holders may be lost. (Id.).

## II. LEGAL STANDARD.

Fed. R. Civ. P. 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." The Court, however, may grant leave to conduct discovery prior to a conference. See id. In ruling on a motion for expedited discovery, the Court should consider "the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances . . .". Better Packages, Inc. v. Zheng, No. 05-4477, 2006 WL 1373055, at *2 (D.N.J. May 17, 2006) (quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor, 194 F.R.D. 618, 624 (N.D. Ill. 2000)). Courts faced with motions for leave to serve expedited discovery requests to ascertain the identity of John Doe defendants in internet copyright infringement cases often apply the "good cause" test. See In re Bittorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765 (E.D.N.Y. May 1, 2012)

(granting limited early discovery only as to John Doe 1); Pacific Century Int'l. Ltd. v. Does 1-101, No. 11-2533, 2011 WL 5117424, *2 (N.D. Cal. Oct. 27, 2011) (finding plaintiff had not shown good cause to obtain expedited discovery). Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Am. Legalnet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009); accord Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275 (N.D. Cal. 2002).

### III.   ANALYSIS.

Courts in this District have identified two problems that preclude Plaintiff from obtaining the full extent of the expedited discovery that it seeks.

The first issue concerns joinder. In recent cases in this District, courts determined that joinder of numerous John Doe defendants, such as those named herein, is inappropriate. See Amselfilm Prod. GMBH & Co. KG v. Swarm 6A6DC and John Does 1-187, No. 12-3865 (D.N.J. Oct. 10, 2012); Third Degree Films, Inc. v. John Does 1-110, Civ. A. No. 2:12-cv-5817 (D.N.J. Jan. 17, 2013). The concern of these courts was enunciated as follows:

> There is a split among federal courts across the country as to whether the numerous defendants in copyright infringement cases such as this have been properly joined. See, e.g. Media Products, Inc. v. John Does 1-26, No. 12 Civ. 3719, 2012 WL 3866492, *2 (S.D.N.Y. September 4, 2012) (holding that joinder of 26 defendants in copyright infringement action is improper); Third Degree Films, Inc. v. Does 1-131, 280 F.R.D. 493, 497-99 (D. Ariz. 2012) (holding that joinder of 131 defendants in copyright infringement action is improper); Malibu Media, LLC v. John Does 1-5, No. 12-cv-2954, 2012 WL 3641291, *3-*5 (S.D.N.Y. August 24, 2012) (holding that joinder of 5 defendants in copyright infringement action is proper). While this Court appreciates that those who participate in the same swarm are virtually "connected" by the same copyrighted work, this Court is not convinced that the purported instances of distribution, as identified by digital rights enforcement company Baseprotect and listed in Schedule B of the complaint, are a part of the same transaction, particularly because they span across various dates and times. Although there may be

multiple individuals who distribute pieces of the same work and are thereby described as being in the same swarm, it is probable that different people within the swarm never distribute a piece of the work to the same person, or at the same moment in time. Third Degree Films, 280 F.R.D. at 498 (finding that participation in the same swarm does not constitute the same transaction or occurrence or series of transactions or occurrences for purposes of joinder because a particular swarm "can last for many months" and "[d]uring those months, the initial participants may never overlap with later participants"); see also June 18, 2012 Declaration of David Farris ¶ 25. Without more connecting them, 187 defendants who have distributed pieces of the work at different times cannot be permissively joined in this case. For joinder to be appropriate, Plaintiff must show a more definite connection between participants in the swarm, namely that the group of defendants sought to be joined have directly participated in the same transaction. For example, the Plaintiff might be able to establish joinder by showing that on a certain date and time, a particular subset of the swarm distributed pieces of the work to a common downloader.

Amselfilm Prod. GMBH & Co. KG v. Swarm 6A6DC and John Does 1-187, No. 12-3855 (D.N.J. Oct. 10, 2012).

In Amselfilm Prod., Judge Hochberg severed and dismissed without prejudice to re-file all claims against all defendants except John Doe 1. This Court shares these same concerns and, therefore, adopts the same reasoning and result. See Third Degree Films, Inc. v. John Does 1-110, Civ. A. No. 2:12-cv-5817 (D.N.J. Jan. 17, 2013). Although not in a position to dismiss claims at this time, the Court will only address the request to conduct expedited discovery as to John Doe 1. In addition, the Court hereby orders Plaintiff to show cause on April 1, 2013 at 2:00 p.m. before the Honorable Joseph A. Dickson, U.S.M.J., 50 Walnut Street, Newark NJ, Courtroom 2D, why this Court should not recommend a *sua sponte* dismissal of this case without prejudice to re-file any individual matters against putative defendants. Plaintiff shall file any papers in support of its position on or before March 18, 2013.

The second issue concerns whether Plaintiff should be permitted to serve expedited discovery in the form of Rule 45 subpoenas on various ISPs in order to obtain information that will allegedly reveal the true identity of John Doe 1 by connecting the IP address Plaintiff currently possesses to the account holder information of that IP address, which is in the possession of the ISP. In an almost identical case in which a plaintiff sought this type of expedited discovery when it was only able to identify the John Doe defendants by IP address, the Honorable Mark Falk, U.S.M.J. denied the request for expedited discovery, without prejudice, on the basis that: "[g]ranting Plaintiff's motion has the potential to permit Plaintiff to obtain detailed personal information of innocent individuals. This could subject an innocent individual to an unjustified burden." Third Degree Films, Inc. v. John Does 1-110, Civ. A. No. 2:12-cv-5817 (D.N.J. Jan. 17, 2013). Specifically, Judge Falk explained the concern as follows:

> In some instances, the IP subscriber and the John Doe defendant may not be the same individual. Indeed, the infringer might be someone other than the subscriber; for instance, someone in the subscriber's household, a visitor to the subscriber's home or even someone in the vicinity that gains access to the network. See VPR Internationale v. Does 1-1017, No. 11-2068, 2011 WL 8179128 (C.D. Ill. Apr. 29, 2011). As a result, Plaintiff's sought after discovery has the potential to ensnare numerous innocent internet users into the litigation placing a burden on them that outweighs Plaintiff's need for discovery as framed.

Id. This Court disagrees that the information sought by Plaintiff is as limited as Plaintiff suggests. Plaintiff seeks all information regarding the account holder of a certain IP address, including the account holders' name, address and "personally identifiable information." (Proposed Order, ECF No. 6-4). The release of this information could impose an undue burden on individuals who may have provided their information to an ISP, but who did not engage in the alleged illegal distribution of Plaintiff's work.

This distinction – namely the difference in identity between the holder of an IP account and the individual who improperly distributed the copyrighted work – is critical and not likely addressed by the so-called "limited" discovery sought by Plaintiff. Even permitting Plaintiff to obtain the expedited discovery that it seeks would not necessarily reveal the appropriate defendant's identity. It will only provide the account holder. The second step would be for Plaintiff to determine whether that particular IP account holder accessed the Swarm and illegally distributed the copyrighted work. See Pac. Century Int'l Ltd. v. Does, C-11-02533 DMR, 2011 WL 5117424 (N.D. Cal. Oct. 27, 2011). In other words, Plaintiff must go beyond the "limited discovery" that it asserted would lead to the John Doe defendants' identities. Id. The burdens associated with the potentially expansive and intrusive discovery that Plaintiff may need to propound in order to obtain the John Doe defendants' identities likely would outweigh Plaintiff's need for expedited discovery. Id. (citations omitted).

Notwithstanding these concerns, the Court recognizes that Plaintiff, as the alleged owner of a copyright work, should not be left without the ability to ascertain the identity of those individuals who are allegedly infringing its copyright by illegal distribution. See In re BitTorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765, *1, *13 (E.D.N.Y. May 1, 2012). Thus, the Court must endeavor to fashion a remedy that will ensure that the rights of all parties are adequately protected. Id. The Court shall grant Plaintiff's request for leave to take expedited discovery in the following form, and with the following limitations, only: Plaintiff may serve a subpoena pursuant to Fed. R. Civ. P. 45 on the ISP that provided internet service to the defendant designated (by IP address) as John Doe 1. The subpoena may only seek the name and address of the account holder of such IP address. Under no circumstances is Plaintiff permitted to seek or obtain the telephone number(s) or email address(es) of this individual, or seek to obtain

information about any potential John Doe defendant other than John Doe 1. Plaintiff shall attach a copy of the Order that shall accompany this Opinion to the subpoena. Information obtained from the ISP shall only be used for the purpose of this litigation and Plaintiff shall be prepared to provide copies of the responsive information to the specific defendant who may enter an appearance in this case.[2] All other aspects of Plaintiff's motion for expedited discovery are denied.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for expedited discovery in advance of the Rule 26(f) conference is **granted in part and denied in part** as outlined above.

In addition, the Court shall order Plaintiff to show cause on April 1, 2013 at 2:00 p.m. before the Honorable Joseph A. Dickson, U.S.M.J., 50 Walnut Street, Newark NJ, Courtroom 2D, why this Court should not recommend a *sua sponte* dismissal of this case without prejudice to re-file any individual matters against putative defendants. Plaintiff shall file any papers in support of its position on or before March 18, 2013.

SO ORDERED

Joseph A. Dickson, U.S.M.J.

cc. Honorable Dennis M. Cavanaugh, U.S.D.J.

---

[2] If Plaintiff filed an Amended Complaint to substitute a John Doe defendant with the proper name of a defendant, then it shall ensure that it has a factual basis for the assertion that such defendant engaged in the alleged acts. By permitting this discovery, the Court is not finding that Plaintiff may rely solely on the fact that the named defendant is the person identified as the subscriber associated with the IP address to prove that such person engaged in the acts set forth in the Complaint.